# EXHIBIT F

Case 2:26-cv-03039   Document 1-4   Filed 08/11/26   Page 2 of 5   PageID 125

.

# EXHIBIT A

Case 2:26-cv-03039    Document 1-4    Filed 08/11/26    Page 3 of 5    PageID 126

# PROMISSORY NOTE ("Note")

$11,150,000.00

Monroe, New York

Dated as of the 1st day of December, 2023

FOR VALUE RECEIVED, the undersigned, 50 North Front St. TN, LLC, a Delaware limited liability company, with an address of 48 Bakertown Road, Suite 500, Monroe, New York 10950 ("Maker" or "Borrower"), promises to pay to the order of Madison Holding Trust, with an address at 28 Van Buren Drive Unit 301, Monroe New York 10950 ("Payee" or "Lender") the principal sum of **Eleven Million One Hundred Fifty Thousand and 00/100 ($11,150,000.00) DOLLARS** ("Principal Amount") lawful money of the United States, payable on **June 1, 2025** ("Due Date"), with interest on the outstanding principal balance to be computed at the rate of **TWELVE (12%) PERCENT** per annum, compounded annually, from the date of this Note to the date this Note is paid in full, calculated on the basis of the number of days elapsed in a three hundred sixty (360) day year (i.e. twelve thirty day months), and payable on the Due Date.

1. **Events of Default.**
   Upon the occurrence of any of the following events (each an "Event of Default"):
   (a) Maker shall fail to pay the Principal Amount when due in accordance with the terms hereof; or
   (b) Maker shall fail to pay interest on the Principal Amount when due in accordance with the terms hereof; or
   (c) Maker shall commence any case, proceeding or other action (i) under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking to have an order for relief entered with respect to Maker, or seeking to adjudicate Maker a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition or other relief with respect to Maker or Maker's debts, or (ii) seeking appointment of a receiver, trustee, custodian or similar official for Maker or for all or any substantial part of Maker's property; or
   (d) There shall be commenced against Maker any case, proceeding or other action of a nature referred to in clause (c) above which (i) results in the entry of an order for relief or any such adjudication or appointment, or (ii) remains undismissed, undischarged or unbonded for a period of 60 days;
   (e) Maker shall take any action indicating Maker's consent to, approval of, or acquiescence in, any of the acts set forth in clauses (c) or (d);
   (f) Maker shall have defaulted under any other Note, mortgage, or agreement;

then, and in any such event (in addition to any other rights or remedies Payee may have hereunder), all amounts owing under this Note shall immediately become due and payable.

2. **Notices.**
   All notices or other communications required or permitted hereunder shall be in writing and shall be deemed given or delivered (i) when delivered personally, (ii) on the next business

Case 2:26-cv-03039    Document 1-4    Filed 08/11/26    Page 4 of 5    PageID 127

day if by overnight courier, or (iii) on the third business day after being sent by registered or certified mail, to the address of each of the parties specified above or to such other address as such party may indicate by a notice given or delivered to the other party hereto.

### 3. General Provisions.

Both principal and interest under this Note shall be payable at the office of the holder as above set forth or such other place as the holder hereof may designate in writing.

In the event the date for payment of the principal sum secured hereunder or any part thereof falls on a Sunday or any public holiday other than a half holiday, it is understood and agreed that interest thereon at the rates provided for herein shall be paid to the actual date of payment of said principal sum or any part thereof.

In the event that there is more than one maker or obligor under this Note, then the obligations all such makers and obligors shall be joint and several.

In the event any payment to be made hereunder shall not be received by the holder within three (3) days from the due date, a late charge of five percent (5%) for each $1.00 of such payment so overdue shall be charged by the holder hereof for the purpose of defraying the expenses incidental to handling such delinquent payment. Such charge may be added to the amount owing on the principal indebtedness.

In addition thereto, in the event any check delivered in payment of any sum or sums of money due hereunder is dishonored, the holder hereof may charge and the undersigned shall pay a reasonable sum for the expense of handling such dishonored check.

It is hereby expressly agreed that the whole of the principal sum and interest secured by this Note shall become due and payable, at the option of the holder hereof, after default in the payment of any sum or sums of money payable hereunder for three (3) days after the due date thereof or upon the happening of any default or event by which, under the terms of this Note, said principal sum may or shall become due and payable. If such payment is not paid immediately, the holder of this Note may bring an action on this Note, and the undersigned hereby waives the right to interpose any defenses, offsets, exceptions or counterclaims to such action.

It is further agreed that the obligation of this Note shall continue until the entire debt evidenced hereby is paid notwithstanding any action or actions which may be brought to recover any sum or sums of money payable under the provisions of this Note.

This Note shall be governed by, and construed and interpreted in accordance with the laws of New York, without giving effect to any of the conflict of law rules thereof.

In the event the principal indebtedness evidenced by this Note becomes due and payable by the terms hereof or by reason of the holder hereof exercising its option to call the same due, interest thereafter shall accrue at the lower of (a) the highest rate permitted by applicable law or (b) twenty-four (24%) percent per annum ("Default Rate") and such interest shall continue to accrue

2

Case 2:26-cv-03039 Document 1-4 Filed 08/11/26 Page 5 of 5 PageID 128

and be payable at the Default Rate until such time as the principal sum has been repaid, or, in the event Payee obtains a judgment, the Default Rate shall survive judgment and shall continue until such judgment has been satisfied.

If it ever becomes necessary to employ counsel to collect this obligation, the undersigned shall pay a reasonable attorney's fee for the services of such counsel whether or not suit is brought.

The term "holder" as used herein shall be deemed to include the Payee and any successor in interest to the ownership of this Note.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

**THE UNDERSIGNED WAIVES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, ANY ASPECT OF THE TRANSACTION IN CONNECTION WITH WHICH THIS DOCUMENT IS BEING GIVEN OR ANY DOCUMENT EXECUTED OR DELIVERED IN CONNECTION WITH SUCH TRANSACTION. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY THE UNDERSIGNED, AND THE UNDERSIGNED ACKNOWLEDGES THAT NO ONE HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANYWAY TO MODIFY OR NULLIFY ITS EFFECT. THE UNDERSIGNED FURTHER ACKNOWLEDGES HAVING BEEN REPRESENTED IN CONNECTION WITH THE TRANSACTION WITH RESPECT TO WHICH THIS DOCUMENT IS BEING GIVEN AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED BY THE UNDERSIGNED'S OWN FREE WILL, AND THAT THE UNDERSIGNED HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH SUCH COUNSEL. THE UNDERSIGNED FURTHER ACKNOWLEDGES HAVING READ AND UNDERSTOOD THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION.**

IN WITNESS WHEREOF, the undersigned has duly executed this Note as of the 1st day of December, 2023.

50 North Front St. TN, LLC

By:_____
Jacob Sofer, Manager

3