**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**RAYMOND JAMES & ASSOCIATES, INC.**,

*Plaintiff*,

v.

**50 NORTH FRONT ST. TN, LLC;**
**JACOB SOFER;**
**REGAL HOLDING GROUP, LLC;**
**WATERFRONT LIVING I, LLC;**
**HANNA SOFER;**
**MIRABLE CAPITAL, LLC;**
**RIFKY (SOFER) FRIEDMAN.**

*Defendants***.**

No. 2:26-cv-03039-BCL-tmp

---

**ORDER DENYING EXPEDITED DISCOVERY**

---

Plaintiff has filed a Motion for Expedited Discovery and for the Setting Thereafter of a Hearing on Preliminary Injunction. Doc. 16. Plaintiff claims that Defendant Rifky (Sofer) Friedman has used a web of entities he and his family control to manufacture a lien against the Property at 50 North Front Street in downtown Memphis, and that Defendant Sofer is doing so in order to prevent Plaintiff from recovering on its claims in related litigation against the otherwise insolvent Defendant 50 North Front St. TN, LLC. *Id.* As support, Plaintiff points to an alleged similar attempt to place the Property beyond Plaintiff's reach. *Id.* Plaintiff represents that it has brought this lawsuit to void the lien and that, following limited initial discovery (if allowed), it will seek a preliminary injunction or attachment to prevent further encumbrance of the Property or transfer of the Property or the lien. *Id.*

Defendants have been served, but they have not appeared. Docs. 19-25, 27. To afford Defendants an opportunity to respond, the Court entered an Order requiring Plaintiffs to send the Motion and the Order to counsel who have represented Defendants in the past, with instructions to forward the materials to Defendants, who would have three days to respond. Doc. 26. Plaintiff did so, and also emailed the materials to Dan Bennett, counsel in this matter for Defendant 50 North. Docs. 28, 29. Defendants have not responded to the Motion.

For the following reasons, the Motion is **DENIED** without prejudice. The request for a hearing on this Motion is **DENIED** as moot, and the request for a hearing on the not-yet-filed motion for preliminary injunction is **DENIED** as premature.

When determining whether good cause exists for expedited discovery, courts generally consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Arab Am. Civ. Rts. League v. Trump*, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017). "An important inquiry in determining if good cause exists is whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* Here, those factors support expedited discovery.

**Factor 1.** There is no motion for a preliminary injunction currently pending. The Court therefore **DENIES** Plaintiff's Motion to the extent it seeks a hearing on a preliminary injunction Motion. But in the Complaint, Plaintiff has clearly and explicitly flagged that it is seeking preliminary injunctive relief and, at a high level of generality, Plaintiff has explained why and on what bases it is doing so. Doc. 1 at 33-34. That Plaintiff chose to proceed in an orderly, sensible fashion by first seeking discovery supporting a motion for preliminary injunction before filing that

motion—as opposed to filing an unsupported motion for preliminary injunction—is commendable and not a basis for denying expedited discovery. This factor thus weighs in favor of allowing expedited discovery.

**Factor 3.** Plaintiff seeks expedited discovery to support a potential motion for preliminary injunction aimed at preventing the potentially fraudulent dissipation, concealing, or encumbrance of what it claims is the sole asset capable of satisfying a judgment against Defendant 50 Main in underlying litigation. Plaintiff claims that this is the second time Defendants have attempted to fraudulently transfer the Property. The purpose of the discovery—to support a potential preliminary injunction aimed at preventing a fraudulent transfer—is both valid and urgent. Factor 3 thus supports expedited discovery.

**Factor 5.** Generally speaking, and by default, a party may not take discovery until the Rule 26(f) conference, which must occur "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." The scheduling order must be issued "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Based on the information available so far, that means this Order comes roughly two months in advance of the typical discovery process. Because the Defendants have been served, the Motion is at least in the ballpark of the usual discovery process, but two months is not an insubstantial period of time. The Court therefore finds this factor is neutral.

**Factors 2 and 4.** In this case, and likely in many cases, the second and sixth factors relate to each other: The narrower the requests, the more likely they are to pose a smaller burden to the nonmoving party. *See Union Home Mortg. Corp. v. Everett Fin. Inc.*, No. 1:23 CV 00996, 2023 WL 4209420, at *3 (N.D. Ohio June 27, 2023) (finding that the burden to comply had

"already been addressed in the Court's evaluation of the second factor").

Here, these factors strongly favor Defendants for three independent but mutually reinforcing reasons. First, going by the face of Plaintiff's Motion (which is all the Court has before it), Plaintiff's discovery appears quite broad and burdensome: Plaintiff seeks ten interrogatories, ten requests for production, and ten requests for admission for each of the seven defendants, which comes to 210 written discovery requests to parties, which is in addition to eight depositions and three subpoenas to third parties. That is a lot of discovery, and presumably quite burdensome. Second, Plaintiff has neither identified the questions he seeks to ask nor the documents he seeks to obtain—and certainly not in any specific way—so it is quite possible the discovery is even more burdensome than it appears on its face. These factors therefore weigh strongly against allowing the sought-after discovery.

**Factor 6.** The final factor is perhaps better characterized as the overarching inquiry: "whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arab Am. Civ. Rts. League*, 2017 WL 5639928, at *2. As just noted, the discovery appears to be very burdensome. On the other hand, the stated need for the discovery seems legitimate: The Court has no reason to doubt Plaintiff's account (Defendant did not respond) and on that account some early discovery may well be warranted. But Plaintiff has neither provided the requested discovery nor offered any granular description nor offered a justification for why it needs *so much* discovery at this time. Based on the briefing so far, the Court can only conclude that the burden far outweighs any need, and that Plaintiff's Motion should therefore be denied.

For these reasons, the Motion is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 25th day of August, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE