**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**RAYMOND JAMES & ASSOCIATES, INC.**,

*Plaintiff*,

v.

**50 NORTH FRONT ST. TN, LLC;**
**JACOB SOFER;**
**REGAL HOLDING GROUP, LLC;**
**WATERFRONT LIVING I, LLC;**
**HANNA SOFER;**
**MIRABLE CAPITAL, LLC;**
**RIFKY (SOFER) FRIEDMAN.**

*Defendants***.**

No. 2:26-cv-03039-BCL-tmp

---

**ORDER GRANTING EXPEDITED DISCOVERY**

---

Plaintiff has filed a Second Motion for Expedited Discovery. Doc. 33. Plaintiff claims that Defendant Jacob Sofer has used a web of entities he and his family control to manufacture a lien against the Property at 50 North Front Street in downtown Memphis, and that Defendant Mr. Sofer (with the Defendant entities and family members through which he is operating) is doing so in order to prevent Plaintiff from recovering on its claims in related litigation against the otherwise insolvent Defendant 50 North Front St. TN, LLC. Doc. 16 at 2-4. As support, Plaintiff points to an alleged similar attempt to place the Property beyond Plaintiff's reach. *Id.* Plaintiff represents that it has brought this lawsuit to void the lien and that, following limited initial discovery (if allowed), it will seek a preliminary injunction or attachment to prevent further encumbrance of the Property or transfer of the Property. *Id.* The Court denied the earlier motion, without prejudice, on the

ground that it sought seemingly broad and burdensome discovery without attaching or including the actual requests and without any corresponding justification for allowing such sweeping discovery at an early stage of the litigation. The new Motion purports to correct those deficiencies.

When determining whether good cause exists for expedited discovery, courts generally consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Arab Am. Civ. Rts. League v. Trump*, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017). "An important inquiry in determining if good cause exists is whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

**Factor 1.** The Court has already found that this factor supports expedited discovery because Plaintiff has explicitly noted its plan to seek preliminary injunctive relief based on the information obtained through expedited discovery. As the Court earlier noted, that Plaintiff has chosen to await discovery potentially supporting its motion for preliminary injunction, instead of filing an unsupported motion, is not a basis for denying expedited discovery. Doc. 30 at 2-3. Nothing in the subsequent briefing changes the Court's analysis of this factor.

**Factor 5.** The Court earlier deemed this factor—"how far in advance of the typical discovery process the request was made"—neutral, because the was roughly two months in advance of the typical discovery process. Doc. 30 at 3. While Defendants' successfully moved to extend to October 5 their deadline to respond to the Complaint, we are now much closer to the typical start of the discovery process through the passage of time. While this factor does not change the result in this instance one way or another—because the core issues concerning the purpose of the discovery, breadth, and burdensomeness control here—this factor now supports allowing

expedited discovery.

**Factor 3.** The Court earlier found that the purpose for the sought-after expedited discovery—to support a preliminary injunction aimed at preventing the fraudulent dissipation, concealment, or encumbrance of what it claims is the sole asset capable of satisfying a judgment against Defendant 50 Main in underlying litigation—supported granting Plaintiff's Motion. Doc. 30. In response, Defendants primarily make merits arguments concerning the nature of the underlying transactions and the validity of the New York state judgment, and in doing so they simply talk past the question of whether the discovery should be allowed. Indeed, Defendants at one point acknowledge as much, stating that they "are not asking the Court to rule on the merits of this argument" about the validity of the state court judgment "now." Doc. 37 at 12. Quite right: Suffice it to say that there appear to be legitimate questions concerning the merits and that the purpose of discovery, expedited or otherwise, is to get at the facts that should inform the answers to those questions.

Defendants do, however, make an argument that appears designed to call into question the purpose of the request for expedited discovery. Specifically, Defendants suggest that the discovery is not needed because Plaintiff has recorded a notice of lis pendens, making (Defendants claim) a motion for preliminary injunction unnecessary to protect Plaintiff's interests in the property. Doc. 30 at 2. This argument fails for two reasons. First, while a notice of lis pendens provides notice to future buyers that they take subject to the outcome of litigation, a notice does not prevent a sale and thus does not foreclose the possibility that Plaintiff will be forced to expend funds fighting with the transferee following another conveyances—and so on, and so on. While that might seem a remote possibility in some cases, that is not so here, where: (1) Mr. Sofer has allegedly already attempted one fraudulent transfer of the Property, and (2) he acknowledges that the Property is

currently on the market. Doc. 1 at 10-14; Doc. 40-1 at 2. Second, Defendants note that they are actively seeking to remove the lis pendens, meaning whatever protection it offers may prove illusory due to Defendants' efforts.

The purpose of the sought-after discovery thus continues to support allowing expedited discovery.

**Factors 2 and 4.** In the Order denying the first motion for expedited discovery, the Court noted that the breadth of the discovery, and the burdensomeness of responding to it, supported denial of the sought after discovery because Plaintiff sought leave to pursue 210 written discovery requests to Parties, eight depositions, and three subpoenas to third parties, all without explaining the actual questions that would be asked. Doc. 30 at 3-4.

**i.** Plaintiff has now sought to remedy this concern by narrowing its discovery to 124 written discovery requests to Parties for an average of roughly 16 per Defendant. Any assessment of burden must be viewed on a per-Defendant basis, and not collectively, as the Defendant in question will as a formal bear the burden of responding to the discovery directed to it (even if, as Plaintiff claims, the Defendants here are intertwined). Moreover, the requests to the various Defendants largely overlap, in keeping with Plaintiff's goal of obtaining basic information concerning the relationships between Defendants as relevant to the challenged transactions and lawsuit involving the Property. Thus, with two caveats noted below, the Court finds that the volume of discovery is not overly burdensome.

As to the subject matter of the discovery, the Court observes that the requests for written discovery appear tailored to probing the relations between and among Defendants, the New York default judgment, and the other contested transactions relating to the Property—i.e., exactly the sorts of issues Plaintiff has promised to address in its anticipated preliminary injunction motion.

These issues are not broad, and, to the extent they are, they are not *over*broad when measured by the potential need for emergency relief preventing future fraudulent transfers or dissipation of assets by and through entangled and potentially coextensive entities owned or operated by Defendant Mr. Sofer and members of this family. And while Defendants suggest some requests seek information protected by privilege, that is an argument to be addressed in response to the discovery, not a reason to deny expedited discovery altogether.

**ii.** Plaintiff urges the Court to deny expedited discovery because "five defendants will contest personal jurisdiction." Doc. 37 at 7. This argument fails for three reasons. *First*, the mere pendency of a dispositive motion, including a motion to dismiss for want of personal jurisdiction, does not preclude discovery, and Defendants have provided no reason to treat otherwise appropriate expedited discovery any differently. *See, e.g.*, *CrossCountry Mortg., Inc. v. Messina*, No. 1:19CV1021, 2019 WL 13195209, at *2 (N.D. Ohio Oct. 8, 2019) (collecting cases). *Second*, while the Court reserves decision on the question of personal jurisdiction, the claim of jurisdiction over Defendants in this case is not frivolous: Plaintiff is claiming that Defendants conspired to create a fraudulent or otherwise improper judgment for purposes of affecting the disposition of real estate located within Tennessee—a substantial argument for personal jurisdiction under both Tennessee law and the requirement of personal availment that the Supreme Court has read into the Due Process Clause.[1] *See First Cnty. Bank, N.A. v. First Tennessee Bank, N.A.*, 489 S.W.3d 369, 394 (Tenn. 2015). *Third*, any concerns about a lack of personal jurisdiction would not, in any event, support complete denial of the Motion, because it would not apply to those Defendants (50 North, Mr. Sofer, Mirable) that do not contest personal jurisdiction.

[1] The Court also notes that the requested discovery is relevant to the jurisdictional issue because it concerns whether and how the Defendants worked together (or as one) in relation to the Property in Tennessee. For this additional reason, it would make little sense to deny expedited discovery in deference to proceedings related to personal jurisdiction.

**iii.** Two concerns linger.

First, any concern about the burden of expedited discovery in this case results primarily from the extremely truncated fifteen-day turnaround Plaintiff seeks to impose. While the Court agrees that expedited discovery is warranted, nothing in Plaintiff's papers justifies a fifteen-day discovery period. The Court will allow Defendants twenty-eight days in which to respond to the allowed discovery requests.

Second, Plaintiff has not identified its potential deponents, nor the subject matter of the proposed depositions, nor the target of its third-party subpoena. And the written discovery may make it unnecessary for Plaintiff to take that discovery on an expedited basis. The Court therefore will not permit that discovery at this time, although Plaintiff may re-raise the issue if necessary as Defendants respond to the requests for written discovery.

**Factor 6.** This factor, better characterized as the overarching inquiry, asks "whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arab Am. Civ. Rts. League*, 2017 WL 5639928, at *2. The need for the discovery remains legitimate, and as narrowed by Plaintiff and in this Order, the allowed discovery should not unduly burden or otherwise prejudice Defendants. The need for the discovery thus outweighs the prejudice.

**Coda.** To avoid any delay in resolution of any discovery disputes that might potentially arise over the course of this expedited discovery, as will be reflected by separate order, the Court refers in advance any such disputes to the assigned magistrate judge for prompt determination. The Court also observes that the Parties, or some of them, have in the past become embroiled in discovery disputes, with accusations of misconduct and resulting sanctions. The Court does not wish to relitigate those matters but, to set expectations, the Parties are reminded of the need to

work cooperatively and in good faith to resolve any discovery disputes that arise without court involvement, and of the possibility of sanctions for discovery abuses, including the failure to cooperate. *See* Fed. R. Civ. P. 37.

## CONCLUSION

For these reasons, Plaintiff's Second Motion for Expedited Discovery (Doc. 33) is **GRANTED IN PART AND DENIED IN PART.**

The Motion is **GRANTED** with respect to Plaintiff's request for expedited written discovery. Defendants **SHALL** respond to Plaintiff's requests for written discovery by **November 2, 2026.**

The Motion is otherwise **DENIED** without prejudice.

**IT IS SO ORDERED**, this 5th day of October, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE